IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:     2:26-cv-00372-RMG

| | |
|---|---|
| Acadia Insurance Company,<br><br>Plaintiff,<br>v.<br><br>Lisa Venesky and Care 4 Transportation, LLC,<br><br>Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT<br>(Non-Jury) |

Plaintiff, Acadia Insurance Company (hereinafter "Acadia") seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

**JURISDICTION & VENUE**

1.Acadia is an insurance company organized and existing under the laws of the State of Iowa with its principal place of business in the State of Maine and is authorized to sell insurance and does sell insurance in South Carolina.

2.Upon information and belief, Defendant Lisa Venesky is a citizen and resident of Dorchester County, South Carolina.

3.Upon information and belief, Defendant Care 4 Transportation was, at all relevant times, a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

4.This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

1

5.      The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332(a)(1).

6.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

A. **The Acadia Policy**

7.      Acadia issued a business auto policy, Policy No. CAA 4490202-43, to Care 4 Transportation, LLC with effective dates of February 8, 2024, to February 8, 2025 (the "Policy"). The Policy provides covered autos liability coverage up to $1,000,000 for symbol 1 (any auto) coverage. A copy of the Acadia Policy is attached hereto as Exhibit A.

8.      The Acadia Policy provides coverage to persons qualifying as "insureds" for liability arising out of certain risks under the insuring agreement and limits certain risks through the policy limitations.  Acadia craves reference to the Acadia policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

9.      The Acadia policy provides in pertinent part:

> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
> **A. Coverage**
> We will pay sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
> ***
> **1. Who Is An Insured**
>    The following are "insureds":
>    **a.** You for any covered "auto".
>    **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow . . . .

2

    **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

***

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

***

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

    We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

    **a.** In the event of an "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

        **(1)** How, when and where the "accident" or "loss" occurred;

        **(2)** The "insured's" name and address; and

        **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

    **b.** Additionally, you and any other involved "insured" must:

        **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

        **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

        **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

        **(4)** Authorize us to obtain medical records or other pertinent information.

        **(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

***

<strong>COMMERCIAL AUTOMOBILE EXPANSION<br>ENDORSEMENT – SOUTH CAROLINA</strong>

***

**P. KNOWLEDGE OF OCCURRENCE**

The following is added to **Section IV – Business Auto Conditions**, Paragraph **A.2.**:

**c.** Notice of an "accident" or "loss" will be considered knowledge of yours only if reported to you, if you are an individual, a partner, an executive officer or an employee designated by you to give us such notice.

3

    **d.** Notice of an "accident" or "loss" to your Workers Compensation insurer, for an event which later develops into a claim for which there is coverage under this policy, shall be considered notice to us, but only if we are notified as soon as you know that the claim should be addressed by this policy, rather than your Workers Compensation policy.

    **e.** Your rights under this policy shall not be prejudiced if you fail to give us notice of an "accident" or "loss", solely due to your reasonable and documented belief that the event is not covered by this policy.

The following is added to **Section IV – Business Auto Conditions**, Paragraph **A.2.b.**

**(6)** Knowledge of the receipt of documents concerning a claim or "suit" will be considered knowledge of yours only if receipt of such documents is known to you, if you are an individual, a partner, an executive officer, or an employee designated by you to forward such documents to us.

***
**SOUTH CAROLINA CHANGES**
***

**D. Changes In Conditions**

    **1.** In **Duties In The Event Of Accident, Claim, Suit Or Loss** under the Business Auto Coverage Form and Motor Carrier Coverage Form and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss or Acts, Errors Or Omissions** under the Auto Dealers Coverage Form:

        **a.** The lead-in sentence is replaced by the following:
We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties, except as provided in Paragraph **d.**:

        **b.** The following provision is added:

        c. Failure to give notice to us as required under this Policy within the time specified shall not invalidate any claim by a person seeking Covered Autos Liability Coverage with respect to coverage up to the minimum limits of liability required by the South Carolina Motor Vehicle Financial Responsibility Act.

***

B. **The Underlying Complaints**

10. On August 9, 2024, Lisa Venesky filed suit in the Berkeley County Court of Common Pleas against Care 4 Transportation, LLC, Civil Action No. 2024-CP-08-02177 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto as Exhibit B.

11. The Complaint in the Underlying Action alleges that on July 15, 2024, Lisa Venesky was riding as a passenger in a van owned by Care 4 Transportation, LLC in Dorchester County, South Carolina when the van braked suddenly.

12. The Complaint in the Underlying Action sought actual and punitive damages against Care 4 Transport, LLC for Lisa Venesky's injuries arising from the July 15, 2024, accident.

C. **Lack of Notice to Acadia and Default Judgments**

13. Upon information and belief, Care 4 Transportation LLC was served with the Summons and Complaint in the Underlying Action on August 17, 2024.

14. Upon information and belief, Care 4 Transportation LLC had until September 16, 2024, to timely file answers or otherwise appear in the Underlying Actions.

15. Upon information and belief, Care 4 Transport LLC failed to timely answer or otherwise appear in the Underlying Action.

16. Care 4 Transport did not provide Acadia with notice of the Underlying Action or forward to Acadia the Summons and Complaints in the Underlying Action before the time to timely answer or otherwise appear had expired.

17. Acadia did not have actual notice of the Underlying Action until after Care 4 Transport's time to timely answer or otherwise appear had expired.

18. On September 25, 2024, the plaintiff in the Underlying Action filed a motion requesting entry of default against Care 4 Transport, LLC.

19. On September 25, 2024, the court in the Underlying Action filed an entry of default against Care 4 Transport LLC. The entry of default is attached hereto as Exhibit C.

20. On January 13, 2025, the plaintiff in the Underlying Action filed a Motion for a Damages Hearing.

21. On January 15, 2025, the plaintiff mailed a letter to Care 4 Transport LLC informing it of the damages hearing on January 15, 2025. A copy of the letter is attached hereto as Exhibit D.

22. On March 12, 2025, the court in the Underlying Action entered judgment against Care 4 Transport LLC in the amount of $3,170,345.80. A copy of the order entering default judgment against Care 4 Transport LLC is attached hereto as Exhibit E.

23. Acadia did not become aware of the Underlying Action until after the default judgment was entered. As soon as it did become aware of the Underlying Action, Acadia promptly hired defense counsel for Care 4 Transport LLC who moved to have the default judgment set aside by a motion filed August 29, 2025.

24. By order dated January 12, 2026, the court in the Underlying Action denied the defendant's motion to set aside the default judgment. A copy of the January 12, 2026, order is attached hereto as Exhibit F.

25. Upon information and belief, counsel for Defendant Lisa Venesky asserts that there is $1,000,000 in liability coverage available under the Acadia Policy to satisfy the default judgment award entered in the Underlying Actions against Care 4 Transport LLC.

26. Defendant Lisa Venesky has sought liability coverage under the Acadia Policy for the auto accident at issue.

**FOR A FIRST DECLARATION**

27. Plaintiff repeats and re-alleges the paragraphs set out above as if set forth fully verbatim below.

28. The Acadia Policy states that Acadia has no duty to provide coverage under the Policy unless there has been full compliance with certain duties, including the named insured and any other involved insured immediately sending Acadia copies of any request, demand, order, notice, summons, or legal paper received concerning a claim or suit.

29. Care 4 Transport LLC failed to notify Acadia or forward copies of the suit papers to Acadia in violation of the policy conditions set forth above. As such, Care 4 Transport LLC breached a condition precedent under it policy and Acadia has suffered substantial prejudice as more fully set forth below.

30. As a result of its default, Care 4 Transport LLC was prohibited from alleging or asserting that it was not liable for the auto accident at issue, and the factual pleadings in the plaintiff's complaint were deemed admitted.

31. As a result of Care 4 Transport LLC's failure to comply with the Policy's notice provisions, Acadia was denied the opportunity to raise any defenses in the Underlying Action and thus lost the opportunity to present evidence or cross-examine testimony presented by the plaintiff.

32. Further, as a result of Care 4 Transport LLC's failure to comply with the Policy's notice provisions, Acadia was denied the opportunity to properly investigate the claims against it in the Underlying Action.

33. Thus, Acadia has been substantially prejudiced as a result of Care 4 Transport LLC's failure to comply with the Policy's notice provisions.

34. Therefore, Acadia is entitled to a declaration that the maximum liability coverage amounts its Policy provides for the July 15, 2024, auto accident is minimum limits liability coverage – i.e., $25,000 per person/$50,000 per accident for bodily injury and $25,000 per accident for property damage.

**WHEREFORE**, Acadia respectfully requests that this Court inquire into these matters and declare that:

(a) Care 4 Transport LLC breached its duties under the Policy by failing to notify Acadia a suit was filed and failing to immediately forward suit papers to Acadia;

(b) Acadia was substantially prejudiced by Care 4 Transport LLC's failure to comply with the Policy notice provisions; and

(c) The maximum liability coverage amounts the Acadia Policy provides for the July 15, 2024, auto accident is minimum limits liability coverage – i.e., $25,000 per person/$50,000 per accident for bodily injury and $25,000 per accident for property damage, together with such other and further relief as the Court may deem just and proper.

                    MURPHY & GRANTLAND, P.A.

                    s/J.R. Murphy
                    J.R. Murphy, Esquire (Fed. I.D. No.: 3119)
                    P.O. Box 6648
                    Columbia, South Carolina 29260
                    (803) 782-4100
                    Attorneys for Acadia Insurance Company

Columbia, South Carolina
February 2, 2026